# 98 DTA 135

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL V DE PONCE Y AIBONITO

EL PUEBLO DE PUERTO RICO
Peticionario

v.

IVAN RAFAEL MARTINEZ OLIVIERI
Recurrido

Núm. KLCE-98-00263

San Juan, Puerto Rico, a 20 de marzo de 1998

Panel integrado por su presidente el Juez Negrón Soto
y los Jueces Aponte Jiménez y Segarra Olivero

Negrón Soto, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

Recurre el Procurador General de la Resolución de 9 de febrero de 1998, notificada el 17 de febrero de 1998, emitida por el Tribunal de Primera Instancia, Sala Superior de Aibonito, en lo que resolvió que el certificado de nacimiento -cuya admisión solicitó el Ministerio Público para probar la minoría de edad de José Luis Colón, Jr.- es insuficiente en derecho e inadmisible. Dicho Foro fundamentó la misma en la ausencia de autenticación de la copia del certificado de nacimiento según dispuesto en las Reglas 75 ■ y 79(A), (D) y (E) de las de Evidencia, 32 L.P.R.A. Ap. IV.

Hemos examinado la copia del certificado de nacimiento y ciertamente la misma no está autenticada a tenor con las Reglas 79(B), (C) y (E) de las de Evidencia, *supra*, ya que no se nota el sello original del estado de Illinois ni está acompañada de una certificación bajo sello expedida por funcionario público, mediante la cual éste de fe de que su firma es genuina y que es un funcionario con capacidad oficial para suscribir la misma. Más aún, la copia del certificado que se intentó presentar en evidencia establece que: *"THIS CERTIFIED COPY VALID WHEN MULTICOLOR SIGNATURE SEAL IS AFFIXED."* O sea, que el certificado de nacimiento o su copia tampoco es válido de su faz, ya que no contiene un sello multicolor que certifique su validez.

Es de rigor señalar que en cuanto a los certificados de nacimiento que expide el Secretario de Salud de Puerto Rico, los mismos tienen que estar certificados por éste o por una persona autorizada por él. Sólo de esa forma el certificado *"constituirá evidencia prima facie ante todas las cortes de justicia de los hechos que consten en la misma"*. Ley Núm. 61 de 9 de marzo de 1911, según enmendada, 24 L.P.R.A. sec. 1237; *Pueblo v. Jordán Tarraza*, 118 D.P.R. 592, 595-597 (1987); y *Juan Bigas, Sucrs. v. Comisión Industrial*, 72 D.P.R. 336, 343 (1950). Es obvio, que de cumplir el original con estos requisitos, un duplicado o fotocopia del primero es igualmente admisible. Regla 73 de las de Evidencia, *supra*. Así lo reconoció el Foro recurrido en su Resolución, *supra*, pág. 3.

El Ministerio Público tiene las alternativas de: primero, solicitar copia certificada del certificado de nacimiento del testigo en el caso de marras al Departamento de Salud de Illinois; ■ segundo, de conseguir un duplicado o fotocopia de ese original que cumpla con los requisitos antes expuestos y lo exigido por el certificado de Illinois; y tercero, en su lugar, presentar como testigo a esa persona cuya edad está en controversia. ■

En atención a lo antes expresado, denegamos el recurso de *Certiorari* presentado.

Notifíquese por facsímil o teléfono, además de por la vía ordinaria.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

## ESCOLIOS 98 DTA 135

1. Esta dispone, que:

*"El requisito de autenticación o identificación como una condición previa a la admisibilidad se satisface con la presentación de evidencia suficiente para sostener una determinación de que la materia en cuestión es lo que el proponente sostiene."*

2. De hecho, el Procurador General, Lcdo. Carlos Lugo Fiol, así lo solicitó en carta de 13 de marzo de 1998 dirigida al Registrador del Registro Demográfico del Departamento de Salud de Illinois.

**3.** Para la admisión de prueba pericial médica y de la opinión de otros testigos en determinadas circunstancias, cuando el testigo está presente, véase los casos citados en 29 Am. Jur. 2d Evidence, sec. 956 y 31 Am Jur 2d, Expert and Opinion Evidence, sec. 387.